RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0138p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

               *Plaintiff-Appellee*,

    *v.*

LAKENTO BRIAN SMITH,

               *Defendant-Appellant*.

No. 19-1724

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:06-cr-00032-1—Paul Lewis Maloney, District Judge.

Decided and Filed:  May 6, 2020

Before:  GUY, THAPAR, and BUSH, Circuit Judges

───────────────

## COUNSEL

───────────────

**ON BRIEF:**  Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant.  Jennifer L. McManus, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

───────────────

## OPINION

───────────────

JOHN K. BUSH, Circuit Judge.  Lakento Smith was indicted on gun and drug charges in 2006.  Under the then-applicable sentencing laws, Smith was subject to a mandatory minimum life sentence, which the district court imposed.  Congress subsequently lowered the penalty for cocaine-base offenses in the Fair Sentencing Act, made retroactive through the First Step Act. Smith moved for relief under the First Step Act and received a reduced sentence of 360 months, the bottom of the new Guideline range for the two counts impacted by the Fair Sentencing Act.

The 360 months were to run concurrent to his existing 360-month sentence for his powder cocaine count that was not affected by the Fair Sentencing Act.

Smith now appeals his modified sentence, arguing that the district court should have imposed a below-Guideline sentence for all counts. He essentially asks the court to reopen his sentencing and order the district court to conduct a plenary resentencing, considering new arguments and addressing all counts. But this court has already held that the First Step Act is a limited grant of authority to impose a reduced sentence for certain offenses and does not require a plenary resentencing proceeding.

Smith also contends that the sentence was procedurally unreasonable because the district court used a modified AO 247 form order to explain its decision. This argument also fails. Even assuming the district court's obligation to explain its reasons for imposing the modified sentence was akin to that which applies in initial sentencing, the Supreme Court has recently upheld the use of a similar form order in indistinguishable circumstances. We **AFFIRM**.

**I.**

Lakento Smith was charged in a four-count superseding indictment for various gun and drug charges in 2006. He was charged with (1) conspiracy to distribute and to possess with intent to distribute 500 grams or more of powder or 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), and (b)(1)(B)(ii); (2) possession with intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (3) possession with intent to distribute 500 grams or more of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Smith was convicted after a jury trial on all four counts. Pursuant to 21 U.S.C. § 851, the Government filed an Information informing the district court that Smith had two prior felony convictions relating to controlled substances in the state of Michigan: a February 1993 conviction for delivery of cocaine and a December 1996 conviction for possession with intent to deliver less than fifty grams of cocaine. Based on these prior convictions, Smith's statutory penalties and Guideline ranges increased. The statutory penalties for Counts 1, 2, and 3

increased under the then-applicable provisions to mandatory life imprisonment for Counts 1 and 2 and a mandatory ten-year sentence for Count 3. *See* 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) (2006 ed.). The statutory penalty for Count 4 was a maximum of ten years in prison. 18 U.S.C. § 924(a)(2). Under the Sentencing Guidelines, Smith was scored as a career offender under U.S.S.G. § 4B1.1, producing an offense level of 37 and a criminal history level of VI, resulting in a Guideline range of 360 months to life. The PSR set out this range but also indicated that he was subject to a mandatory life sentence.[1]

At the sentencing hearing, the district court was initially unaware of Smith's mandatory life sentence. Accordingly, the court calculated the Guideline range based on the PSR and, after considering the § 3553(a) factors, stated that a sentence of 360 months for Counts 1 and 2, 360 months for Count 3, and 120 months for Count 4, to run concurrently, was sufficient for each respective count. However, after the Government informed the court that Smith had a statutory penalty of mandatory life for Counts 1 and 2, the court imposed a life sentence.

Smith appealed several evidentiary rulings made during trial, and this court affirmed his judgment of conviction. *See United States v. Smith*, 510 F.3d 641 (6th Cir. 2007). Smith filed various § 2255 motions contesting the use of his prior drug convictions as the basis for his sentencing enhancements, all of which were denied. *See In re Smith*, No. 17-1776; *In re Smith*, No. 16-1664/1703; *Smith v. United States*, No. 1:13–CV–302, 2013 WL 3490662 (W.D. Mich. July 11, 2013). He also moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline Amendment 782, which the district court denied.

Smith then filed the current motion for reduction of sentence under the First Step Act, which allows defendants convicted of certain offenses to avail themselves of the reduced statutory penalties enacted in the Fair Sentencing Act. Smith was appointed counsel who filed a memorandum in support of the motion. Smith argued that he was entitled to a sentence reduction under the First Step Act, that the modified statutory penalty for Count 1 and 2 is 360 months to life rather than mandatory life, and that he should be given an opportunity to be heard. Smith stated that the Fair Sentencing Act "did not affect the penalty that could be imposed for

---

[1]The PSR also calculated the Guideline range for Count 4 as 240 but, as both parties acknowledge, it should have instead been 120 months. Because Smith has served the full term for Count 4, it is not at issue here.

Mr. Smith's convictions on Counts 3 or 4," but did not raise any specific arguments about why a below-Guideline range may be appropriate for any of these counts. R. 101 at PageID 991. The Government agreed that Smith was entitled to a reduced sentence and argued that the court should impose a new sentence of 360 months—the bottom of the new Guideline range and the sentence originally selected by the sentencing judge—without a hearing. The district court reduced Smith's sentence for Counts 1 and 2 to 360 months to run concurrent with his unchanged 360-month sentence for the powder-cocaine count. The court did so without a hearing and using a modified AO 247 order form titled "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)." R. 104.

Smith appealed, arguing that (1) the district court erred in declining to reconsider the entire sentencing package of all four counts; and (2) the sentence was procedurally unreasonable because of the district court's use of the form order.

## II.

To correct the unequal treatment of base and powder cocaine under federal drug laws, Congress in 2010 enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which increased the quantity of cocaine base necessary to trigger certain statutory penalties. The Fair Sentencing Act does not by its terms apply retroactively, however, *see United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019); *United States v. Blewett*, 746 F.3d 647, 651 (6th Cir. 2013) (en banc), so many drug offenders remained incarcerated under the pre-Fair Sentencing Act regime. Congress offered relief to such individuals by passing the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "allows courts to apply § 2(a) of the Fair Sentencing Act retroactively." *Beamus*, 943 F.3d at 791. Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public

Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The parties agree that Counts 1 and 2 are "covered offenses" because under the Fair Sentencing Act's increased drug-quantity thresholds, Smith's statutory penalty would fall under 21 U.S.C. § 841(b)(1)(B)(iii) rather than 21 U.S.C. § 841(b)(1)(A)(iii). He would no longer be subject, therefore, to a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii). In light of his previous convictions, a life sentence would remain the maximum statutory penalty. *See id.* As the parties agree, this would produce an offense level of 37, criminal history category VI, and a Guideline range of 360 months to life. *See* U.S.S.G. § 4B1.1(b)(1).

The district court reduced Smith's sentence to 360 months, the bottom of the Guideline range for Counts 1 and 2 and the same length as the unchanged sentence for Count 3. R. 104. Smith argues that the district court should have "revisited the entire sentencing package" and imposed a below-Guidelines sentence not only on Counts 1 and 2, but also on Count 3. He contends that the district court should have considered mitigating arguments such as the quantity of drugs involved in his earlier convictions and his status as a non-violent drug offender—in essence, Smith argues that the district court erred in not conducting a plenary resentencing on all counts and considering any new arguments.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Congress has granted such authority in 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." We have held that a sentence reduction under the First Step Act is a § 3582(c) modification.

*See Alexander*, 951 F.3d at 708. We have also explained that "[t]he First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing." *Id.* (citing *United States v. Hegewood*, 934 F.3d 414, 418 (5th Cir.), *cert denied*, 140 S. Ct. 285 (2019)). This is so in part because of the language of the First Step Act, which authorizes "[a] court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. This conclusion is also supported by Federal Rule of Criminal Procedure 43, which provides that a defendant must be present at sentencing, but need not be present for proceedings "involv[ing] the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." *Alexander*, 951 F.3d at 708 (quoting Fed. R. Crim. P. 43(b)(4)).

We have therefore treated sentence modifications under the First Step Act and 18 U.S.C. § 3582(c)(1)(B) as analogous to sentence modifications based on Sentencing Guideline reductions under § 3582(c)(2), *see Dillon v. United States*, 560 U.S. 817, 826 (2010) (holding that § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"); *Alexander*, 951 F.3d at 708 (citing *Dillon*), or limited sentence reduction under Federal Rule of Criminal Procedure 35, rather than treating them like a full resentencing following a general remand, *see Pepper v. United States*, 562 U.S. 476, 490 (2011) (explaining breadth of resentencing following general remand); *United States v. Allen*, --- F.3d ---, 2020 WL 1861973, at *3 (6th Cir. Apr. 14, 2020) (First Step Act does not authorize plenary resentencing procedure of the type contemplated in *Pepper*); *see also United States v. Flack*, 941 F.3d 238, 240–42 (6th Cir. 2019) (comparing scope of sentence correction to plenary resentencing); *United States v. Payton*, No. 07-20498-1,3, 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019) (explaining division between district courts about application of First Step Act and conducting plenary resentencing by comparing First Step Act modification to sentencing on general remand). Our sister circuits have likewise held that the First Step Act authorizes a limited sentencing modification, not a full resentencing. *See, e.g.*, *United States v. Curry*, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam); *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (per curiam) (mem.); *United States v. Williams*, 943 F.3d 841, 843 (8th Cir.

2019) (no hearing for motions under First Step Act).  The district court was therefore not required to conduct a plenary sentencing.

Smith tries to distinguish *Alexander* because the case did not involve multiple counts involving cocaine base and powder cocaine.[2]  True enough, Smith's situation is unique not only because his sentence involved multiple counts, some of which were affected by the Fair Sentencing Act and some which were not, but also because he was subject to a mandatory life sentence that may have altered the tenor and course of sentencing arguments.  But *Alexander* holds that based on the text and structure of the Fair Sentencing Act, the district court does not need to conduct a full resentencing.  *See* 951 F.3d at 708; *see also Allen*, 2020 WL 1861973, at *3.[3]  The district court did not err in declining to conduct such a process here.

### III.

Smith also argues that his sentence was unreasonable because the district court failed to adequately explain its decision.  He argues that the § 3553(a) factors apply to First Step Act proceedings, and that the district court's use of the modified Form AO 247 did not sufficiently explain how it weighed those factors or why it chose the 360-month sentence.

The Government argues that under *United States v. Bowers*, 615 F.3d 715, 718 (6th Cir. 2010) we do not have jurisdiction to consider such a challenge.  In *Bowers*, we held that we did not have jurisdiction over a procedural-reasonableness challenge to the denial of a sentence reduction sought by a defendant based on a Guideline amendment under 18 U.S.C. § 3582(c)(2).

---

[2]Smith also argued that *Alexander* is not binding because it is an unpublished order, but it was subsequently designated for publication and is therefore binding authority.

[3]The Seventh Circuit has interpreted our earlier decision in *Beamus*, 943 F.3d at 792 as granting district courts discretion to conduct a plenary resentencing.  *See Hamilton*, 790 F. App'x at 826.  Even if that is a plausible interpretation of *Beamus*, our decision in *Alexander* seems to have incorporated the Fifth Circuit's approach prohibiting district courts from conducting plenary resentencing.  *See Alexander*, 951 F.3d at 708 (citing *Hegwood*, 934 F.3d at 418).  But even if the district court had discretion to conduct a plenary resentencing, it was not an abuse of discretion to decline to do so.  As an initial matter, Smith never raised his mitigation arguments before the district court, instead simply arguing that "[t]he First Step Act does not limit the scope of any re-sentencing, and the default rule is that the Court can consider all relevant evidence at sentencing."  R. 101 at PageID 991.  Moreover, although Smith was subject to a mandatory life sentence during his initial sentencing, the district court weighted the § 3553(a) factors and settled on a sentence of 360 months before being informed by the Government of the mandatory minimum.  R. 74 at PageID 885–86.  It was within the district court's discretion to view this as sufficient information to conduct the First Step Act modification.

*See* 615 F.3d at 727. We explained that jurisdiction for such an appeal arose under 18 U.S.C. § 3742(a), not 28 U.S.C. § 1291, and that a procedural reasonableness challenge did not fall within § 3742(a)(1)'s limited jurisdictional scope. *See id.* The Government contends that because First Step Act proceedings are similar to Guideline-amendment sentence modifications, the same result must obtain here.

However, we have recently clarified that although *Bowers* spoke in "jurisdictional" terms, § 3742(a) is really what we would now consider a mandatory claim-processing rule. *See United States v. Marshall*, 954 F.3d 823, 826–29 (6th Cir. 2020). We have therefore explained that although First Step Act appeals are still subject to the claim-processing limitations set out in § 3742(a), jurisdiction for such appeals arises under § 1291. *See Allen*, 2020 WL 1861973, at *2. We therefore have jurisdiction to consider the argument. And because Smith's procedural-reasonableness argument fails on the merits, we need not address *Bowers*. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

As to the merits, the Supreme Court has recently assumed without deciding that the standard set out in *Rita v. United States*, 551 U.S. 338 (2007) and *Gall v. United States*, 552 U.S. 38 (2007) applies to a district court's modification of a sentence pursuant to a Guideline amendment under § 3582(c). *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). It then decided that the use of a nearly identical form order for such a sentence modification satisfies that standard. *See id.* at 1966–67. We assume and decide the same for purposes of the First Step Act.

Under *Rita* and *Gall*, the district "must adequately explain the chosen sentence to allow for meaningful appellate review." *Chavez-Meza*, 138 S. Ct. at 1965 (quoting *Gall*, 551 U.S. at 50). However, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 1964 (quoting *Rita*, 552 U.S. at 356). And "[w]hen a judge applies a sentence within the Guidelines range, he or she often does not need to provide a lengthy explanation." *Id.* Because *Chavez-Meza* dealt with a sentence modification (rather than initial sentencing proceeding), the Court considered both the AO form order as well as the record from the original sentencing. *See id.* at 1967–68. The Court upheld the use of a form order for

the sentencing reduction, even though the district court had imposed a modified sentence in the middle range of the amended Guidelines notwithstanding that the original sentence was at the bottom of the original Guidelines range. *See id.* at 1967–68.  It explained that

> given the simplicity of *this* case, the judge's awareness of the arguments, his consideration of the relevant sentencing factors, and the intuitive reason why he picked a sentence above the very bottom of the new range, the judge's explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge.

*Id.* at 1967–68 (citing *Rita*, 551 U.S. at 356).

Viewing the record as a whole in this case, the district court satisfied its obligation to explain its reasons for the modified sentence.  Although Smith was subject to a mandatory life sentence, the district court during the initial sentencing conducted the proceeding under the assumption that Smith was subject to a sentencing range of 360 months to life—the same as his amended range under the First Step Act.  R. 74 at PageID 883–86.  Before being notified of the mandatory life sentence, the court considered Smith's previous drug convictions, and noted that Smith had a long history with cocaine distribution in his community.  *Id.* at PageID 884.  The court also addressed the "fairly significant quantity of drugs and money and guns kept at his residence" located during the investigation of the charged offense.  *Id.*  Further, the court discussed the extent of Smith's record.  Thus, the court concluded that a sentence of 360 months was "sufficient to address counts 1 and 2" and further that 360 months was "sufficient to address Count 3."  *Id.* at PageID 885.  Smith did not raise any specific mitigation arguments or advocate for a below-Guideline sentence.

To be fair, it is possible that no one raised any mitigation arguments at the initial sentencing because all parties were aware that Smith was subject to a mandatory life sentence. But Smith also failed to raise these arguments in his First Step Act motion below; he simply requested that the court provide an updated presentence report or hold a hearing, and that the court impose a below-Guideline-range sentence.  R. 101 at PageID 991–92; R. 103 at PageID 1005.

In its form order, the district court stated that it considered the motion and took into account the § 3553(a) factors to the extent applicable.  R. 104 at PageID 1006.  In the non-public

component of the form order, the district court set out the previous Guideline range and amended Guideline range for all counts and indicated that the reduced sentence is within the amended Guideline range.  R. 105 at PageID 1007.  It then imposed a modified sentence of 360 months, the bottom of the amended Guidelines and the same sentence the district judge initially sought to impose.  There was not anything more the district court needed to say to impose a sentence at the bottom of the Guidelines, with the benefit of the earlier sentencing transcript, and presented with no new mitigation arguments.  *See Chavez-Meza*, 138 S. Ct. at 1967.  This is an even easier case than *Chavez-Meza* because here, the district court imposed a sentence at the bottom of the Guideline range in the initial sentencing and in the sentence modification.  Use of the form was therefore within the "lawful professional judgment" of the sentencing judge.  *Id.*

Accordingly, assuming the district court was required to state its reasons for the modified sentence, it did not abuse its discretion in using the form order.

**IV.**

For all these reasons, we **AFFIRM** the district court's judgment.