NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0357n.06

No. 19-1725

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DWIGHT JEROME LATHAM, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

FILED
Jun 17, 2020
DEBORAH S. HUNT, Clerk

Before: DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Pursuant to the First Step Act of 2018, the district court reduced Dwight Latham's sentence for a drug offense from life in prison to 360 months. Latham argues that the district court failed to offer an adequate explanation as to why the court rejected Latham's arguments to reduce his sentence further. We agree with Latham and vacate his sentence.

In 2008, a jury convicted Latham of conspiring to sell crack cocaine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(iii). Latham already had two felony drug convictions, which made him a career offender with a mandatory sentence of life in prison. 21 U.S.C. § 841(b)(1)(A) (2006). In a fifteen-minute sentencing hearing, the district court sentenced Latham to life.

Ten years later Congress passed the First Step Act, which allows district courts to reduce defendants' sentences for certain drug offenses. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5222, § 404(a)–(b). Latham accordingly moved to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(B).

Under the Act, Latham's revised Guidelines range was 360 months to life in prison. But Latham sought a sentence shorter than 360 months, on two grounds: first, that his status as a career offender overstated his appropriate sentence, because his predicate offenses (for which he was sentenced to a total of 11 months in prison) were relatively minor; and second, that he had completed 26 educational courses and obtained his GED while in prison.

The district court thereafter entered a two-page order (on an "AO-247" form) in which the court granted Latham's motion and reduced his sentence to 360 months. The order otherwise simply recited (in preprinted language) that the court had considered the relevant sentencing factors and that Latham's new sentence was within his revised Guidelines range.

Latham then brought this appeal, arguing that his new sentence is procedurally and substantively unreasonable. As an initial matter, in light of recent precedent, we reject both the government's argument that we lack jurisdiction over this appeal and Latham's argument that he was entitled to a plenary resentencing. *See United States v. Foreman*, 958 F.3d 506, 511–14 (6th Cir. 2020); *United States v. Smith*, 958 F.3d 494, 498–500 (6th Cir. 2020).

Latham argues that the district court was at least required to explain why it rejected his arguments in favor of a sentence less than 360 months. We recently held in yet another case under the First Step Act that the district court's resentencing decision is subject to review for substantive and procedural reasonableness. *See United States v. Boulding*, Nos. 19-1590, 19-1706, 2020 WL 2832110, at *9 (6th Cir. June 1, 2020). It follows that the district court "must adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also United States v. Marty Smith*, 959 F.3d 701, 701 (6th Cir. 2020). In determining the adequacy of a district court's explanation for a sentencing modification, we

consider the record for both the initial sentence and the modified one. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967–68 (2018).

The record as to both is exceedingly slim here. At Latham's original sentencing, the court noted that Latham had "a significant criminal record," that Latham was subject to a mandatory life sentence, and that, absent that mandate, the court would have imposed a lesser sentence. Ten years later, in imposing a modified sentence of 360 months, the court merely recited that it had considered the relevant sentencing factors and that Latham's modified sentence was within his revised Guidelines range. On this record, that left no explanation—either explicit or implicit—as to why the court rejected Latham's arguments that he was entitled to a sentence of less than 360 months. And those arguments were not frivolous: Latham had barely qualified for career-offender status in 2008 (he was sentenced to six months and five months, respectively, for his two predicate offenses); and Latham would not qualify as a career offender if he were initially sentenced today. *See* First Step Act of 2018, § 401(a). Nor can we otherwise tell from the record why the district court rejected Latham's arguments in support of a shorter sentence.

In contrast, the record in both *Chavez-Meza* and *Smith* did allow for meaningful appellate review. True, in both cases the district courts used the same AO-247 form that the district court used here. But in *Chavez-Meza* the district court provided a more detailed explanation for its initial sentence of 135 months, and the reason for its modified sentence of 114 months was "intuitive" on the record there. 138 S. Ct. at 1966–67. And in *Smith* the defendant's modified sentence of 360 months was precisely the sentence that the district court said it would have imposed—as the court explained at some length during its initial sentencing hearing—if the defendant had not been initially subject to a sentence of life imprisonment. But here, as explained above, the record of neither proceeding provides us with any basis for meaningful review of the court's decision.

Latham also seeks to argue for the first time on appeal that the district court wrongly determined that he was a career offender. We leave that argument for the district court to address in the first instance on remand. *See Maldonado v. Nat'l Acme Co.*, 73 F.3d 642, 648 (6th Cir. 1996).

We vacate Latham's sentence and remand for proceedings consistent with this opinion.