**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0545n.06

Case No. 20-5649

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Sep 21, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| WILLIAM EARL MCGUIRE, JR., | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

THAPAR, J., delivered the opinion of the court in which READLER, J., joined. STRANCH, J. (pg. 4), delivered a separate dissenting opinion.

Before: STRANCH, THAPAR, and READLER, Circuit Judges.

William Earl McGuire, Jr., appeals a district court order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

McGuire pled guilty to a conspiracy involving the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of an unregistered firearm, in violation of 26 U.S.C. § 5681(d). The district court accepted the plea agreement and imposed the sentence agreed to by the parties: 192 months of imprisonment, to be followed by ten years of supervised release. McGuire started serving his sixteen-year sentence in 2013.

In May 2020, McGuire filed a pro se motion for compassionate release. The district court appointed a federal public defender to represent him, and the defender filed a supplemental motion

on McGuire's behalf. McGuire argued that he had a series of underlying health conditions that put him at a high risk of severe illness or death if he contracted the coronavirus. He also said that the sentencing factors in 18 U.S.C. § 3553(a) weighed in favor of release, and he pointed to his prison record as evidence of his rehabilitation. The government disagreed that McGuire had presented exceptional and compelling reasons warranting release. It also argued that McGuire was a danger to the community and that release would be inconsistent with the § 3553(a) sentencing factors.

The district court denied the motion. It said that it had considered the relevant § 3553(a) factors and policy statements and conducted a "complete review" of the merits.

On appeal, the parties assume that the district court determined that McGuire had demonstrated extraordinary and compelling reasons making him eligible for compassionate release. They thus ask us to review the district court's consideration of the § 3553(a) factors and its denial of compassionate release for abuse of discretion. An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

The district court did not abuse its discretion in denying compassionate release. The § 3553(a) sentencing factors for consideration include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). McGuire's criminal record documents a history of violent crime: he has assaulted a minor, shot someone inside of a car, and hit someone with a tank before choking the victim with a hose. (And that's not even a complete list.) His prison record includes three disciplinary reports: assault without

serious injury, interference with security devices, and refusal to take a drug/alcohol test. He is currently serving time for possessing an unregistered short-barreled shotgun. All told, there is ample evidence in the record to support the court's conclusion that compassionate release is unwarranted.

The court did not specifically cite which factors guided its decision, but in these circumstances, it did not need to. Because it is clear that the judge relied on the record when declining to modify McGuire's sentence, even a "barebones form order" could have sufficed. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1968 (2018); *id.* at 1965 (concluding that a judge had sufficiently stated his reasons for a sentence by certifying on a form that he had "considered petitioner's motion and had taken into account the relevant Guidelines policy statements and the § 3553(a) factors") (cleaned up).

The record plainly supports the court's conclusion, and the court said that it conducted a complete review of the merits and considered all the relevant law. It likewise adopted the presentence report and binding plea agreement, which discuss both the § 3553(a) factors and McGuire's health conditions. There is no evidence that the court brushed aside McGuire's arguments. Quite the contrary—its appointment of defense counsel suggests that it sought a thorough treatment of the merits. In viewing the record as a whole, we are satisfied that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). We affirm.

STRANCH, Circuit Judge, dissenting. I am concerned that the majority's reasoning frustrates meaningful appellate review of sentencing decisions, particularly in the context of the COVID-19 pandemic inside federal prisons. *See* Sent'g Res. Couns. for the Fed. Pub. Cmty. Defs., *The COVID-19 Crisis in Federal Detention* (Sept. 9, 2020), [https://perma.cc/3DBA-JFX5].

It would seem uncontroversial that on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a district court must offer something that "adequately explain[s] the chosen sentence to allow for meaningful appellate review," as in analogous sentencing proceedings. *United States v. Smith*, 958 F.3d 494, 500 (6th Cir. 2020) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)), *petition for cert. filed*, (U.S. July 30, 2020) (No. 20-5264); *see also United States v. Latham*, 809 F. App'x 320, 321–22 (6th Cir. 2020) (discussing First Step Act proceedings). The Fifth Circuit recently stressed that on such a motion, the district court must provide "a thorough factual record for [the appellate court's] review"—that is, "specific factual reasons, including but not limited to due consideration of the [18 U.S.C.] § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (footnote omitted).

Yet here, the records from the original sentencing, the modification proceeding, and the final decision are all "exceedingly slim." *Latham*, 809 F. App'x at 322. The district court's order denying McGuire's motion is one sentence long. Its adoption of the presentence report and plea agreement, which discuss McGuire's health and the § 3553(a) factors, offers no particular insight—that a district court had a certain set of arguments and facts before it does not tell us anything about which ones it considered and how it weighed them. In this situation, I do not think we can presume that the district court must have conducted the requisite analysis. Because the explanation provided is inadequate for meaningful appellate review, I would return the case for a more complete explanation. I therefore respectfully dissent.