**351**

**Robert WARE, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–5003.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

*ORDER*

Robert Ware, Jr., a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1997, a federal jury found Ware guilty of conspiracy to distribute and possession with intent to distribute cocaine and conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and unlawful distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sen-tenced Ware to 360 months of imprisonment and five years of supervised release. On appeal, a panel of this court affirmed Ware's conviction and sentence. *United States v. Ware*, 161 F.3d 414, 425 (6th Cir.1998).

In his motion to vacate sentence, Ware claimed that; 1) in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government should have specified the amount of drugs in each count charged in the indictment and that the court should have submitted the issue of the weight of the drugs to the jury; 2) the indictment violated the Double Jeopardy Clause; 3) the base offense level was set according to an unconstitutional standard; and 4) counsel rendered ineffective assistance.

The district court denied Ware's motion to vacate and granted Ware a certificate of appealability with respect to the issue of whether the Supreme Court's holding in *Apprendi* should have been retroactively applied in Ware's case. This court denied Ware's partial application for a certificate of appealability with respect to the issues not certified by the district court.

On appeal, Ware reasserts that the Supreme Court's holding in *Apprendi* should be retroactively applied in his case. He also reasserts that counsel rendered ineffective assistance and that the district court did not have subject matter jurisdiction to sentence him. However, the only issue certified on appeal is whether *Apprendi* is retroactive to Ware's case. The case was held in abeyance pending resolution of the retroactive application of the rule announced in *Apprendi*.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

While this case was being held in abeyance, a panel of this court determined that the rule of *Apprendi* is not retroactively applicable to an initial § 2255 motion like Ware's. *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.2002).

Accordingly, the case is hereby returned to the active docket and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.