RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0198p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ROBERT WARE,

*Defendant-Appellant*.

No. 19-6180

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:96-cr-00008-1—Eli J. Richardson, District Judge.

Argued: June 18, 2020

Decided and Filed: June 30, 2020

Before: COLE, Chief Judge; McKEAGUE and KETHLEGE, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Cecil W. VanDevender, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee. **ON BRIEF:** Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Cecil W. VanDevender, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

COLE, Chief Judge. Robert Ware was convicted in 1997 of several federal drug offenses and sentenced to 360 months' imprisonment. In 2019, Ware moved for a sentence reduction under § 404 of the First Step Act. The district court concluded that Ware was eligible for relief

under the Act but denied Ware's motion as a matter of discretion.  Ware now appeals, arguing that the district court abused its discretion by 1) insufficiently considering the sentencing factors under 18 U.S.C. § 3553(a), 2) putting undue weight on the legislative purpose of the First Step Act, and 3) inadequately considering that Ware's statutory sentencing range would be lower under current law.  We affirm.

## I.  BACKGROUND

On March 7, 1997, a jury convicted Ware of three counts: conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count I); conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count II); and distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count III).  The jury did not make any specific findings as to the drug quantities associated with Ware's crimes.

The Presentence Investigation Report (PSR) estimated that Ware's offenses involved 3.6 grams of cocaine base and 26.6 kilograms of powder cocaine.  It calculated Ware's base offense level under the sentencing guidelines at 34 because his crimes involved at least 15 kilograms but less than 50 kilograms of cocaine.  *See* U.S.S.G. § 2D1.1(c)(3) (1995).  The relatively small amount of cocaine base did not affect this offense-level calculation.  Enhancements for Ware's leadership role and possession of a firearm resulted in a total offense level of 40.  *See id*. §§ 2D1.1(b)(1), 3B1.1(a).  Given Ware's criminal history category of VI, the PSR calculated Ware's guidelines range as 360 months to life.

The PSR determined that Ware's statutory sentencing range was 10 years to life on Counts I and III under 21 U.S.C. § 841(b)(1)(A)(ii), which governed where an offense involved 5 kilograms or more of cocaine.  Notably, at the time there was a 100:1 sentencing disparity for offenses involving cocaine and those involving cocaine base.  50 grams or more of cocaine base would require the same statutory sentencing range as 5 kilograms (*i.e.*, 5,000 grams) of powder cocaine.  *Compare* 21 U.S.C. § 841(b)(1)(A)(ii) (1997) (cocaine) *with id.* § 841(b)(1)(A)(iii) (cocaine base).

In regard to Count II, if Ware's offense involved less than 5 grams of cocaine base, the statutory range would have been 0 to 20 years' imprisonment under § 841(b)(1)(C).  In contrast, if the offense involved 5 grams or more of cocaine base (but less than 50 grams), the statutory range would have been 5 to 40 years' imprisonment.  *See id.* § 841(b)(1)(B)(iii).  Because the PSR estimated the amount of cocaine base at 3.6 grams, it indicated that 21 U.S.C. § 841(b)(1)(C) governed the statutory range for Count II.

At Ware's sentencing hearing, however, the government argued that the amount of cocaine base involved in Ware's offense was higher.  The court agreed that Ware's crime seemed to involve more than 3.6 grams of cocaine base but concluded that there was not enough evidence that it involved 500 grams or more, which was the amount necessary to change Ware's base offense level under the guidelines.  As a result, the court ruled that the PSR had correctly calculated Ware's guidelines range as 360 months to life.  At the time of Ware's sentencing in 1997, adherence to the federal sentencing guidelines was mandatory, as it was not until 2005 that the Supreme Court declared them to be advisory.  *See United States v. Booker*, 543 U.S. 220, 245 (2005).

The district court sentenced Ware to 360 months' imprisonment followed by five years of supervised release.  The court did not specify the particular sentence as to each count, instead announcing a general sentence for all three offenses.  Nor did the district court specify the particular statutory provisions of § 841(b)(1) under which Ware was sentenced.  Our court affirmed Ware's convictions and sentence.  *See United States v. Ware*, 161 F.3d 414, 415 (6th Cir. 1998).

Two years later, the Supreme Court decided *Apprendi v. New Jersey*, holding that under "the Sixth Amendment, any fact (other than [a] prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  530 U.S. 466, 476 (2000) (citation omitted).  Under *Apprendi*, a defendant like Ware—whose jury never made any drug-amount finding—could not be sentenced under 21 U.S.C. §§ 841(b)(1)(A) or (B), as these provisions increase the statutory maximum based on specified drug amounts.  *See, e.g.*, *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000).  Instead, such a defendant could only be sentenced under § 841(b)(1)(C), which provides for a

statutory maximum of 20 years. *Id.* Nonetheless, we affirmed the denial of Ware's 28 U.S.C. § 2255 motion for relief under *Apprendi*, reasoning that *Apprendi* does not apply retroactively to initial § 2255 motions. *See Ware v. United States*, 55 F. App'x 351, 351–52 (6th Cir. 2003) (citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002)).

In 2018, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the Act, "[a] court that imposed a sentence for a covered offense may, on the motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). The "term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). The Fair Sentencing Act had increased the cocaine-base quantities required to trigger the statutory penalties in 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii), thereby reducing (but not eliminating) the sentencing disparity between powder-cocaine and cocaine-base offenses. *See* Pub. L. No. 111-220 § 2, 124 Stat. 2372.

In 2019, Ware moved for a sentence reduction under the First Step Act. Ware argued that he was eligible for relief because his sentence of 360 months applied to each count, running concurrently, and thus the sentencing court must have sentenced Ware under 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii) on Count II because 360 months exceeded the statutory maximum of 20 years under § 841(b)(1)(C). The district court agreed, and as a result determined that Ware had been convicted of a "covered offense" under the First Step Act. The district court, in turn, found Ware eligible for relief, and neither party challenges this eligibility determination on appeal.

But the district court denied Ware's motion for a sentence reduction as a matter of discretion, as the First Step Act expressly provides that "[n]othing in . . . section [404] shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. 115-391 § 404(c), 132 Stat. at 5222. The court considered the sentencing factors under 18 U.S.C. § 3553(a), including Ware's guidelines range (which remained unchanged), the circumstances of Ware's offenses (in which there was a small amount of cocaine base but a large amount of power

cocaine), and concerns over disparities between similarly situated defendants. *See* 18 U.S.C. §§ 3553(a)(1),(4),(6). In considering potential disparities, the court reasoned that Ware's guidelines-minimum would have been 360 months even without the cocaine-base offense, and First Step Act relief was unavailable to other offenders who had a similar amount of powder cocaine but did not have an additional cocaine-base charge.

The court considered that the legislative purpose of § 404 of the First Step Act was to make retroactive the Fair Sentencing Act's reduction in the sentencing disparity between powder-cocaine and cocaine-base offenses. It concluded that Ware's case did not fit within that purpose, as he had not been affected by this disparity. After all, Ware's cocaine-base offense did not affect the calculation of his sentence under the guidelines. The court recognized the potential impact of *Booker* and *Apprendi*, as *Booker* would permit the court to vary below 360 months, and *Apprendi* would alter the applicable statutory sentencing range given that no drug amounts were charged in Ware's indictment or found by a jury. But the court remained concerned about sentencing disparities, as other defendants who were similarly sentenced for powder-cocaine offenses (but, unlike Ware, did not have an additional cocaine-base charge that made them eligible for relief under the First Step Act) could not benefit from retroactive application of *Booker* and *Apprendi*.

In the end, the district court determined that Ware's case was "not an appropriate [one] for relief under the First Step Act." (Dist. Ct. Op., R. 417, PageID 626.) Ware now appeals, challenging the adequacy of the district court's consideration of the sentencing factors under 18 U.S.C. § 3553(a), the legislative purpose of the First Step Act, and his statutory sentencing range under current law.

## II. ANALYSIS

To begin, the government's brief challenges whether we have jurisdiction under 28 U.S.C. § 1291 or 18 U.S.C. § 3742(a). However, since the conclusion of briefing in this case, we have held that 28 U.S.C. § 1291 provides jurisdiction in First Step Act appeals. *See, e.g.*, *United States v. Lakento Smith*, 958 F.3d 494, 500 (6th Cir. 2020). Moreover, 18 U.S.C. § 3742(a) is a non-jurisdictional rule that, while limiting the relief that we may grant in certain cases, does not

apply—and therefore does not preclude relief—where a district court denied a defendant's request for a sentence reduction under the First Step Act. *See United States v. Richardson*, 960 F.3d 761, 764 (6th Cir. 2020) (per curiam); *see also id.* at 766 (Kethledge, J., concurring).

We review the district court's decision to deny an eligible defendant's First Step Act motion for abuse of discretion. *See, e.g.*, *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020); *United States v. Marty Smith*, 959 F.3d 701, 702 (6th Cir. 2020) (per curiam). The district court's decision is subject to review for both procedural and substantive reasonableness. *See United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). "[B]oth procedural and substantive []reasonableness" are reviewed "for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

## A. The 18 U.S.C. § 3553(a) Sentencing Factors

When a district court rules upon a First Step Act motion where the defendant is eligible for relief, it is required to consider the sentencing factors under 18 U.S.C. § 3553(a). *See, e.g.*, *Boulding*, 960 F.3d at 784. And though it must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation . . . sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

Ware argues that the district court erred in focusing on only three of the factors under § 3553(a) and ignoring the requirement that a sentence be "sufficient, but not greater than necessary." But "how much weight a judge gives to any § 3553(a) factor" is owed "high[] deferen[ce]," and we conclude that the district court's consideration of 18 U.S.C. § 3553(a) was sufficient. *See Richardson*, 960 F.3d at 765 (citation omitted). The district court assessed at length several of the § 3553(a) factors that it deemed most pertinent to Ware's case. The court was not required to recite each factor in the statute, and it was not an abuse of discretion for the court to have focused on the three factors that it deemed most relevant. Moreover, contrary to

Ware's assertion, the court considered whether his sentence remained "sufficient, but not greater than necessary."  *See* 18 U.S.C. § 3553(a).  For example, it determined that the low end of Ware's guidelines range remained 360 months, which the court found to be an indication that his sentence remained appropriate.  We thus reject Ware's challenge to the district court's consideration of the sentencing factors under § 3553(a).

### B.  The First Step Act's Legislative Purpose

We have explained that district courts should "consider[] the [18 U.S.C.] § 3553(a) factors with reference to the purposes of the First Step Act and Fair Sentencing Act."  *Marty Smith*, 959 F.3d at 704.  Thus, it was permissible for the district court to consider the First Step Act's legislative purpose in assessing Ware's motion.

Ware asserts that the district court put undue weight on this purpose, but we disagree.  We owe deference to the weight that the district court assigns to various relevant factors.  *See, e.g.*, *Richardson*, 960 F.3d at 765.  The district court considered the First Step Act's legislative purpose alongside a thorough consideration of the § 3553(a) factors.  Ware's argument is therefore without merit.

### C.  Ware's Statutory Sentencing Range

Finally, Ware asserts that the district court failed to consider fully what his statutory sentencing range would have been under current law.  Because a jury did not find his offenses involved specific drug amounts, under today's law he could be lawfully sentenced only under 21 U.S.C. § 841(b)(1)(C), which would impose a statutory cap of 20 years per count—10 years less than Ware's current sentence.  *See Page*, 232 F.3d at 543.  In Ware's view, the higher sentencing ranges in §§ 841(b)(1)(A) and (B) could not be applied in his case under both *Apprendi* and recent statutory interpretation of these provisions.  *See United States v. Dado*, 759 F.3d 550, 570 (6th Cir. 2014) (describing "drug quantity [as] an element of the offense[s]" in these statutory provisions).  Our precedent forecloses Ware's statutory construction argument, and thus, as the government suggests, we focus on this argument as an alleged *Apprendi* error.  *See United States v. Charles*, 901 F.3d 702, 705 (6th Cir. 2018) (explaining that *Dado*'s "ruling turned on the Constitution, not a statute").

The government emphasizes that *Apprendi* does not apply retroactively to cases on collateral review. This is true. *See Goode*, 305 F.3d at 382. But the Supreme Court has explained that the "retroactivity" of a new constitutional rule concerns whether the rule provides an independent basis on which to grant relief to a defendant. *See Danforth v. Minnesota*, 552 U.S. 264, 271 (2008). The Court has noted that the term "retroactivity" is a bit of a misnomer, as this doctrine in fact concerns the "redressability" of a constitutional violation. *See id.* at 271 n.5. Because "the source of a 'new rule' is the Constitution itself," "the underlying right necessarily pre-exists [the Supreme Court's] articulation of the new rule." *Id.* at 271; *see also Am. Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 201 (1990) (Scalia, J., concurring) (explaining that "[s]ince the Constitution does not change from year to year," something is either unconstitutional or it is not; and if it is unconstitutional, then this is so "whether occurring before or after [the Supreme Court's] decision"). Thus, Ware's Sixth Amendment rights were violated when judge-found facts were used to raise his statutory maximum sentence, even though this occurred before *Apprendi* was decided.

For a defendant like Ware, who was sentenced before *Apprendi*, consideration of the impact that *Apprendi* would have had on his statutory sentencing range is a factor that the district court may consider when deciding whether, in its discretion, to grant relief to a defendant whom Congress has made eligible for relief. *See United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020). The Sixth Circuit has stated that a "district court . . . err[s] as a matter of law" if it restricts itself to consideration of "the law and facts as they existed at the time of [the defendant's] original sentencing." *United States v. Martin*, -- F. App'x --, 2020 WL 3251021, at *3 (6th Cir. June 16, 2020); *see also Allen*, 956 F.3d at 357.

Consideration of *Apprendi* in deciding whether to grant an eligible defendant's First Step Act motion is therefore consistent with our prior holding that courts cannot apply *Apprendi* retroactively as an independent basis for disturbing a defendant's finalized sentence. *See Goode*, 305 F.3d at 382–83. In the First Step Act, Congress has provided express authority to disturb the finality of Ware's sentence and has done so without limiting the considerations that the court may contemplate in utilizing this authority. *See Allen*, 956 F.3d at 357 (holding that "Section

404's silence regarding the standard that courts should use in determining whether to reduce a defendant's sentence cannot be read to limit the information that courts may consider").

Here, the district court did not abuse its discretion in its consideration of *Apprendi*. The court considered the fact that, under *Apprendi*, Ware's statutory maximum would have been lower because specified drug amounts were not found by the jury or charged in the indictment. The court ultimately decided that this factor did not weigh heavily in favor of granting relief, due in large part to concern regarding disparities with other similarly situated defendants. In doing so, on this record, the district court did not abuse its discretion.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's order denying Ware's motion for relief under the First Step Act.