NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0560n.06

No. 19-4255

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Oct 02, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ROBERT K. LAWSON, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. Robert Lawson appeals the denial of his motion for a sentence reduction under the First Step Act. He argues that the court failed to consider two of his arguments below, both of which were based on intervening changes in the law: namely, that the court should weigh in Lawson's favor that he was originally sentenced when the guidelines were mandatory and that, under current law, he would no longer qualify as a career offender. The government, for its part, argued in the district court—and seems to argue again on appeal—that, in deciding Lawson's motion, the district court lacked authority to consider either of Lawson's arguments as to intervening changes in the law.

To the extent the government continues to make that argument, we have since rejected it—as Lawson correctly points out in Rule 28(j) letters to which the government has not responded. Most recently, in *United States v. Ware*, 964 F.3d 482, 488 (6th Cir. 2020), we held that, in deciding whether to grant a defendant's motion under the First Step Act, the district court may

consider—as simply a "factor" under 18 U.S.C. § 3553—that the defendant was sentenced based in part on what would now be considered a legal mistake.

The law as to the First Step Act has evolved rapidly in our circuit since the district court entered its most recent opinion in this case. Understandably, then, the district court's opinion does not make clear whether the district court understood that it had authority to consider Lawson's arguments based on intervening changes in the law. *See* December 9, 2019 Opinion at 4 n.3. We will therefore vacate the district court's December 2019 opinion and remand for the limited purpose of allowing the district court to consider those arguments and to recite its reasoning as to them. *Cf. Ware*, 964 F.3d at 489.

The district court's December 2019 Opinion is vacated, and the case is remanded for proceedings consistent with this opinion.