RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0165p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

No. 19-5759

*v.*

JERMARCUS W. RICHARDSON,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:00-cr-00025-1—Gregory N. Stivers, Chief District Judge.

Decided and Filed:  May 29, 2020

Before:  DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Frank W. Heft, Jr., Donald J. Meier, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  William A. Glaser, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

The court delivered a PER CURIAM opinion.  KETHLEDGE, J. (pp. 7–8), delivered a separate concurring opinion.

---

**OPINION**

---

PER CURIAM.  Jermarcus Richardson asked the district court to reduce his sentence under the First Step Act.  Because the district court didn't abuse its discretion when it refused to do so, we affirm.

I.

In 2001, Richardson pled guilty to multiple federal crimes involving crack cocaine. At the time, federal law punished crack-cocaine offenses much more severely than powder-cocaine offenses.  The district court ultimately sentenced Richardson to five years in prison followed by four years on supervised release.

Richardson served his custodial sentence—seemingly without event.  But during his supervised release, Richardson stabbed someone in the chest.  So the district court revoked his supervised release and sentenced him to another eighteen months in prison following his state sentence for first-degree assault.

While Richardson was serving his state sentence, Congress enacted the Fair Sentencing Act to reduce the disparity between crack and powder cocaine.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.  But that law didn't apply retroactively—that is, it didn't help criminal defendants like Richardson who had *already* been sentenced.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012); *United States v. Blewett*, 746 F.3d 647, 651–52 (6th Cir. 2013).

More recently, Congress enacted the First Step Act to make the sentencing rules created by the Fair Sentencing Act retroactive.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  Under the First Step Act, eligible defendants may move the district court to reduce their sentences based on the changes made by the Fair Sentencing Act.  *See id.* § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing district courts to reduce sentences when "expressly permitted by statute").

Richardson moved the district court to reduce his revocation sentence.  But the court denied the motion.  This appeal followed.

## II.

Our first task is to determine whether we have jurisdiction over this appeal.  Criminal defendants generally rely on two statutory provisions when they appeal orders related to sentence-reduction motions.  The first is 28 U.S.C. § 1291, which authorizes appeals from "all final decisions of the district courts[.]"  The second is 18 U.S.C. § 3742(a), which allows a defendant to file a notice of appeal from "an otherwise final sentence" in only a handful of circumstances.

The government argues that our jurisdiction must arise (if at all) under § 3742(a) and that we lack jurisdiction under this provision.  For support, the government cites *United States v. Bowers*, which held that appeals from sentence reductions are governed by § 3742(a) rather than § 1291.  615 F.3d 715, 718–23 (6th Cir. 2010).  *Bowers* reasoned that § 3742(a)'s more specific provisions governed over § 1291's more general grant of appellate jurisdiction.  *Id.*

But our court recently clarified the scope of *Bowers*.  *See United States v. Marshall*, 954 F.3d 823 (6th Cir. 2020).  As *Marshall* explained, *Bowers* didn't speak to the subject-matter jurisdiction of federal courts but rather "is best read as confining our power to grant certain types of relief in sentencing appeals."  *Id.* at 829.  Put another way, § 1291 gives us jurisdiction over appeals from sentence-reduction orders, while § 3742(a) limits the sorts of claims that a defendant may bring on appeal.  Thus, we have jurisdiction under § 1291.

Yet to say we have jurisdiction does not resolve the scope of our authority in First Step Act appeals.  The district court denied Richardson's request for a lower sentence, which means that it did not "impose" a new or modified sentence.  Section 3742(a) therefore does not provide the basis or the criteria for reviewing the denial of Richardson's request for a lower sentence.  *Marshall*, 954 F.3d at 829–30.

"Before 1984, when Congress enacted § 3742, the federal courts used § 1291 to review criminal appeals[.]"  *Id.*  Back then, a district court's discretion to sentence a defendant within

the statutory range for his offense was essentially unlimited—which meant that, as to the selection of the sentence itself, the courts of appeals had no legal boundaries to enforce. *See, e.g.*, *Dorszynski v. United States*, 418 U.S. 424, 431 (1974) ("[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end."); *cf. Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170 (1803) (explaining that purely discretionary actions are not subject to judicial review). Appellate review was thus limited to the purely legal question whether the relevant statute "permitted" the sentence imposed. *Dorszynski*, 418 U.S. at 432.

That changed with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which introduced substantive reasonableness as a legal boundary enforceable in sentencing appeals. The question here is to what extent reasonableness limits a district court's discretion when denying a sentence-reduction motion under the First Step Act. Of course, if the defendant argues that the denial was based on a purely legal mistake, we can review the claim, just as we could have before 1984. That includes, for example, claims that the district court did not understand its authority to reduce the sentence, misconstrued a statute or a guidelines provision, or miscalculated the new guidelines range—what we often call procedural-reasonableness challenges. *See United States v. Foreman*, --- F.3d ---, 2020 WL 2204261, at *8 (6th Cir. May 7, 2020).

The answer is more complicated when, as here, the defendant claims that the denial of a sentence-reduction motion amounted to an abuse of the district court's sentencing discretion—what we often call substantive-reasonableness challenges. On the one hand, the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *See* Pub. L. 115-391, 132 Stat. 5194, § 404(c) (2018). But on the other hand, in *Foreman* (which was an appeal of a new sentence) we suggested that even a denial of a sentence-reduction motion is subject to review for substantive reasonableness. 2020 WL 2204261, at *7 n.3. We assume without deciding that we have that authority here because the issue has not been briefed, and Richardson's substantive-reasonableness claim is in any event without merit.

III.

Richardson challenges his sentence on three grounds. None has merit.

*Eligibility.* Richardson first claims that the district court incorrectly found him to be ineligible for a reduced sentence under the First Step Act. But that argument fails from the start because the district court explicitly noted that "the defendant [was] *eligible* for consideration of a reduced sentence." R. 87, Pg. ID 290 (emphasis added).

*Procedural Reasonableness.* Richardson next claims that the district court ignored his post-sentencing conduct. True, a district court must consider relevant sentencing factors (including the defendant's history and characteristics) for a sentence to be procedurally reasonable. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). But by all appearances, the district court did exactly that.

The district court certified that it had considered the motion along with "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." R. 87, Pg. ID 289. Then the district court said it took into account "defense counsel's objections." *Id.* And *then* the district court explained how the defendant's history and characteristics (including his post-incarceration conduct) weighed against granting the motion. That's ample proof that the district court considered Richardson's post-sentencing conduct when reaching its decision. *Cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018); *see also United States v. Garner*, 769 F. App'x 313, 315 (6th Cir. 2019) ("It is by now well settled that a district court generally need not expressly mention a sentencing argument or alternative, so long as the record as a whole shows that it considered the issue.").

*Substantive Reasonableness.* Richardson finally claims that the district court focused too much on his criminal history. Richardson is correct that placing "too much weight on some of the § 3553(a) factors" amounts to substantive error. *Rayyan*, 885 F.3d at 442. But Richardson faces an uphill battle on this claim. That's because how much weight a judge gives to any § 3553(a) factor is "a matter of reasoned discretion" to which we owe "highly deferential review." *Id.*; *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Here, the district court reasoned that a sentence reduction was inappropriate given the "serious and violent nature" of Richardson's supervised-release violation.  R. 87, Pg. ID 289. What's more, the court discussed other § 3553(a) factors, including the need to promote respect for the law, protect the public, and deter Richardson from further criminal activity.  All told, we have no reason to think that the district court committed substantive error.  *See United States v. Bailey*, 931 F.3d 558, 565 (6th Cir. 2019).

We affirm.

_____

**CONCURRENCE**

_____

KETHLEDGE, Circuit Judge, concurring.  Our precedents have sent mixed signals regarding the scope of 18 U.S.C. § 3742.  But the statute itself, I respectfully submit, is clear. Specifically, § 3742(a) by its terms is completely inapposite in a case where the district court *denies* a defendant's motion to modify his sentence.  What § 3742 plainly does, rather, is regulate from start to finish a circuit court's review of sentences newly imposed by the district court.

Section 3742(a) provides:

(a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

    (1)  was imposed in violation of law;

    (2)  was imposed as a result of an incorrect application of the sentencing guidelines;

    (3)  is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment . . . than the maximum established in the guideline range . . . ; or

    (4)  was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

By its plain terms, § 3742(a) applies only where a defendant seeks "*review of an otherwise final sentence*"—rather than where, as here, a party seeks review of some other decision by a district court.  (Section 3742(b) is a nearly identical provision applicable where the government seeks "review of an otherwise final sentence[.]")  The remainder of § 3742 leaves no doubt on this point.  Section 3742(d) provides that, if a party files a notice of appeal under § 3742(a) or (b), the clerk of the district court "shall certify to the court of appeals" the record of "the sentencing proceeding."  Section 3742(e) provides in turn that, "[u]pon review of the record, the court of appeals shall determine whether the sentence" was, among other things, "imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing

guidelines[.]" Section 3742(f)—entitled "Decision and disposition"—provides that the court of appeals shall either "affirm the sentence" or "remand the case for further sentencing proceedings[,]" depending on whether, among other things, "the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines[.]" And § 3742(g) provides that, if the case is remanded, the district court shall "resentence [the] defendant[.]"

Thus, § 3742 does not apply when an appeal merely, in some sense, *involves* a final sentence; for § 3742 to apply, rather, a party must seek review of the sentence itself. Section 3742 therefore applies when a party seeks review of district court's decision to *grant* a defendant's motion to reduce his sentence—for in that case, by definition, the court imposes a new sentence. But § 3742 does not apply when, as here, a defendant appeals the district court's denial of his motion to reduce his sentence: for then the defendant seeks review of the *denial*, rather than "review of [the] otherwise final sentence" imposed years before. 18 U.S.C. § 3742(a); *accord United States v. Jones*, 846 F.3d 366, 370 (D.C. Cir. 2017) (holding that, because "the district court's *denials* of appellants' sentence-reduction motions resulted only in final orders—not new sentences by any definition—it appears that at least the most obvious reading of § 3742 renders it inapplicable").

Thus, when a defendant seeks review of a district court's denial of a sentence-reduction motion, § 3742 neither limits our "jurisdiction" over the appeal, nor confines our power to grant certain types of relief. Instead, in appeals like this one, § 3742 simply does not apply at all.