**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0455n.06

Case No. 19-2325

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 04, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BARRY CASHIN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: SUHRHEINRICH, GIBBONS, and BUSH, Circuit Judges**

**JOHN K. BUSH, Circuit Judge.** Barry Cashin appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Cashin moved for a sentence reduction after a Guidelines amendment reduced the base offense level for his 1990 federal drug conspiracy charge. The district court held that in light of Cashin's conduct—conspiring to kill a federal law enforcement agent assigned to his case and organizing complex criminal activity—it would not reduce his 372-month drug conspiracy sentence. Cashin argues that the district court improperly weighed or failed to consider certain factors under § 3553(a). Because we do not have statutory authority to consider this argument, we **AFFIRM** the district court.

**I.**

Barry Cashin was arrested in 1991 on the federal drug charges that provide the basis for the relevant sentence. While he was held before trial, Cashin (with the help of his brother)

attempted to pay his cellmate to kill the FBI agent who oversaw the investigation that led to his arrest and to intimidate Government witnesses. *United States v. Cashin*, Nos. 91–2303, 91–2329, 1993 WL 106847, at *1 (6th Cir. Apr. 9, 1993) (per curiam). That plan was unsuccessful because his cellmate and putative accomplice contacted the FBI and chose to cooperate.

On December 10, 1990, Cashin entered a plea agreement in the drug case. The agreement allowed the Government to charge him separately with post-arrest crimes. He accordingly pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), and the government agreed to dismiss the other charges brought against him. On December 12, he was indicted separately for conspiracy to tamper with a witness in violation of 18 U.S.C. §§ 371 and 1512(b), and witness tampering in violation of 18 U.S.C. §§ 1512(b) and 2.

Cashin was sentenced on the drug conspiracy charge on March 5, 1991. The district court determined Cashin's sentencing range was 360 months to life imprisonment based on a Criminal History Category of III and an offense level of 40—a base level of 32 for a conspiracy involving over 1000 kilograms of marijuana, in addition to 2 levels for use of a firearm, 4 levels for being an organization leader with more than five individuals involved, and 2 levels for obstruction of justice for attempting to tamper with a witness. *United States v. Cashin*, No. 92-2555, 1994 WL 47784, at *3 (6th Cir. Feb. 15, 1994) (per curiam). The district court imposed a sentence of 372 months, which this court affirmed. *Id.* at *10. Cashin was subsequently charged, convicted, and sentenced to 60 months for witness tampering conspiracy and 110 months for substantive witness tampering, to be served consecutively with his drug conspiracy sentence.

In 2015, Cashin filed a pro se motion to modify or reduce his 372-month sentence under 18 U.S.C. § 3582(c)(2) for the drug conspiracy conviction after Amendment 782 to the United States Sentencing Guidelines reduced by two the applicable offense level. The district court

appointed counsel to Cashin and requested that the Probation Department prepare a § 1B1.10 Drug Guideline Amendment Report to calculate Cashin's amended Guidelines range. Probation concluded that the amended Guideline range was 292 to 365 months. The Government filed a response, arguing that Cashin was ineligible for a sentence modification under § 3582 because his sentence was not "based on" an amended guideline. After the responsive briefs were filed, Cashin filed a supplemental memorandum informing the district court he had been diagnosed with persistent atrial fibrillation and was placed by the Bureau of Prisons in Care Level 3, for inmates requiring frequent medical care. He accordingly requested that the district court take his medical condition into account when exercising its discretion in considering his motion.

The district court rejected the Government's contention that Cashin was ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2), but it nonetheless denied the motion as an exercise of its discretion after applying the factors laid out in 18 U.S.C. § 3553(a). Cashin timely appealed.

## II.

Cashin appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c). That section authorizes district courts to modify an otherwise-final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). No one disputes that Cashin is eligible for a reduction based on the Guidelines amendment.

Cashin argues that the district court abused its discretion in denying his § 3582(c) motion. He argues that the district court failed to consider his consecutive sentence for witness intimidation, and further that it failed to consider his declining health. His argument is therefore

that the district court failed to consider, or improperly weighed, the appropriate § 3553(a) factors in denying his motion. This type of argument is ordinarily reviewed for reasonableness under *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rayyan*, 885 F.3d 436, 440, 442 (6th Cir. 2018) (explaining that procedural reasonableness includes the sentencing court's obligation to "consider the [§ 3553(a)] factors" and "adequately explain why it chose the sentence," and that substantive reasonableness concerns "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others"); *see also United States v. Turner*, 797 F. App'x 226, 229 (6th Cir. 2019); *United States v. Reid*, 888 F.3d 256, 258 (6th Cir. 2018).

The Government's threshold argument is that this court is unable to review the denial of the § 3582(c) motion for *Booker* reasonableness, and we agree. In *United States v. Bowers*, we dismissed a virtually identical appeal for lack of appellate jurisdiction. *See* 615 F.3d 715 (6th Cir. 2010). The panel explained that appellate jurisdiction over the denial of such a motion was available, if at all, under 28 U.S.C. § 3742, which authorizes the courts of appeals to hear an appeal of an "otherwise final sentence," if the sentence:

> (1) was imposed in violation of law; [or]
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range ...; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

The defendant argued that his sentence "was imposed in violation of law" because the district court improperly considered certain 3553(a) factors and erred in various factual findings. *See Bowers*, 615 F.3d at 719–23. We rejected this argument, reasoning that because such sentence-

reduction motions do not implicate the Sixth Amendment, *Booker*'s remedial opinion, and its "reasonableness" review, do not apply. *See Bowers*, 615 F.3d at 727. Accordingly, the asserted *Booker* arguments could not constitute a "violation of law" in a motion for a sentence reduction. *Id.* at 727–28. We dismissed for lack of jurisdiction.

In *United States v. Marshall*, we clarified that § 3742(a) operates as a mandatory claims-processing rule, and upheld the core holding of *Bowers* that the district court's discretionary decision to deny a motion for a sentence modification—there, a motion to terminate supervised release, not a Guidelines Amendment—was unreviewable. *See* 954 F.3d 823, 825–29 (2020). We explained that the appeal failed to satisfy the strictures of § 3742(a) because the district court did not "impose[]" a sentence by *denying* a motion for modification, and was therefore unreviewable. *See id.* at 830.[1]

As in *Marshall* and *Bowers*, Cashin appeals the denial of a motion seeking a sentence reduction on reasonableness grounds. *See Marshall*, 954 F.3d at 829 (failure to consider certain § 3553(a) factors and reliance on erroneous factual findings); *Bowers*, 615 F.3d at 723 & n.6 (similar). *Marshall*'s clarification that § 3742(a) is nonjurisdictional does not make its requirements any less mandatory, *see United States v. Smithers*, 960 F.3d 339, 344 (6th Cir. 2020) ("Courts generally must enforce a mandatory claims-processing rule just as much as a jurisdictional restriction whenever a party properly invokes the rule."), and we are therefore without authority to consider Cashin's arguments.

## V.

For all these reasons, we **AFFIRM** the district court's judgment.

---

[1] We have declined to extend *Bowers*, and its interpretation of § 3742, to similar motions brought under the First Step Act. *See States v. Ware*, 964 F.3d 482 (6th Cir. 2020); *United States v. Richardson*, 960 F.3d 761 (6th Cir. 2020) (per curiam); *id.* at 765 (Kethledge, J., concurring); *United States v. Foreman*, 958 F.3d 506, 515 (6th Cir. 2020). But, we are still bound to apply *Bowers*, as clarified by *Marshall*, to this proceeding under § 3582(c).