NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0590n.06

Case No. 21-5142

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 20, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

JAMES DAREN STURGILL,

    *Defendant-Appellant.*

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

O P I N I O N

Before: CLAY, DONALD, and NALBANDIAN, Circuit Judges

NALBANDIAN, Circuit Judge. A jury found James Sturgill guilty of conspiracy to distribute methamphetamine. The district court then sentenced him to 300 months in prison with five years of supervised release. Recently, he filed a motion for compassionate release, which the court denied. So Sturgill appealed. But because the court didn't abuse its discretion, we **AFFIRM**.

I.

Sturgill's criminal history spans most of his adult life. His convictions include aggravated assault, disorderly conduct, DUIs, trespass, drug possession, carrying a

concealed weapon, lying to law enforcement, contempt of court, and conspiracy to distribute cocaine.

He also became involved with a drug trafficking conspiracy—one responsible for distributing hundreds of thousands of kilograms of drugs into Eastern Kentucky. Sturgill's role was to resell methamphetamine, of which he sold between 500 and 1,500 grams.

In 2015, a federal grand jury indicted him for conspiring to distribute methamphetamine. Sturgill lost at trial and so faced a sentencing guideline range of 360 months to life in prison. Still, the district court sentenced him below the advisory guidelines range, to only 300 months.

Following the passage of the First Step Act, and during the COVID-19 pandemic, Sturgill filed a motion for compassionate release. He argued that his health conditions, plus the COVID-19 pandemic, were extraordinary and compelling circumstances warranting his release. But he didn't argue how the 18 U.S.C. § 3553(a) factors support his release. The government agreed that there were extraordinary and compelling reasons supporting release. But it argued that since the § 3553(a) factors weren't satisfied, Sturgill should still be denied relief.

The district court agreed with the government, it denied Sturgill's motion after considering the § 3553(a) factors, and Sturgill appealed.

II.

Whether to grant compassionate release is a two-act play. First, the district court must find "extraordinary and compelling reasons" to support release. *United*

*States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Then the court must balance the 18 U.S.C. § 3553(a) factors.[1]

The only question before us is whether the district court erred in balancing the § 3553(a) factors. Since "the district court is best situated to balance the § 3553(a) factors," we review that decision for abuse of discretion. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (internal quotations omitted). "[W]e require that the district judge set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision[-]making authority." *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (internal citations omitted). In other words, if the district court considered the arguments of the parties and had a reasoned basis for its decision, then we affirm. *See Ruffin*, 978 F.3d at 1008 (citing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-67 (2018)).

Our decision in *Ruffin* is decisive. There, the district court denied compassionate release based on the § 3553(a) factors. *Id.* It considered how Ruffin had not served half of his sentence and looked at his long criminal history. *Id.* at 1009. It also found that his incarceration protected the public from further crimes. *Id.* We held that this was enough to deny compassionate release. *Id.*

---

[1] A third step, requiring courts to consider the Sentencing Commission's policy statement in § 1B1.13, is no longer required if a prisoner files the motion. *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir.2021) ("[T]he § 1B1.13 policy statement is no longer a requirement courts must address in ruling on defendant-filed motions.").

So too here. The district court adequately considered and balanced the § 3553(a) factors. In fact, the court engaged in an analysis more extensive here than the one we upheld in *Ruffin*. First, the court noted that Sturgill had only served less than one-quarter of his sentence. So granting him compassionate release wouldn't reflect the seriousness of Sturgill's crime, nor would it promote respect for the law.

Next the court found that denying relief would protect the public. This was based on Sturgill's history as a "career offender." His criminal history, after all, spans most of his adult life. And he has disregarded past terms of supervision. So the court here more than adequately explained why the factors don't support a sentence reduction.

In response, Sturgill makes two arguments. Both of which are unfounded.

First, he argues that the district court placed too much weight on Sturgill's criminal history and time served. True, placing too much weight on any of the § 3553(a) factors can be an abuse of discretion. *See Ruffin*, 978 F.3d at 1005 (citing *United States v. Richardson*, 960 F.3d 761, 764-65 (6th Cir. 2020)). But Sturgill faces an "uphill battle" here. *Richardson*, 960 F.3d at 765. In fact, how much weight a judge gives to the § 3553(a) factors is "a matter of reasoned discretion," to which we are "highly deferential." *Id.* (quoting *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)).

Here, the district court considered all the § 3553(a) factors without placing too much weight on any one of them. Sturgill provides no evidence otherwise. Rather, the district court looked at "the need to promote respect for the law, protect the public,

and deter [Sturgill] from further criminal activity." *Id.* This was enough in *Richardson*, and it is enough here.[2] *See id.*

Second, Sturgill argues that the nature of the offense and his criminal history were already considered in the guideline calculations. So, he concludes, it would be unfair to rely on them in deciding whether to grant compassionate release.

But this argument hurts Sturgill more than it helps. The fact that the district court considered the § 3553(a) factors when ruling on the motion for compassionate release means that the court did not abuse its discretion. Considering the § 3553(a) factors is a reason to affirm the court, not reverse it. After all, this confirms that the court considered the arguments and had a reasoned basis for its decision. *See Ruffin*, 978 F.3d at 1008. That the court considers the same § 3553(a) factors when ruling on compassionate release as those during sentencing is a result of how the statute is written. *See* 18 U.S.C. § 3582(c)(1)(B). If Sturgill thinks this is unfair, that is an argument for Congress not the courts.

### III.

Finding no abuse of discretion, we **AFFIRM**.

---

[2] Sturgill relies on *Richardson* to argue that unlike the defendant there, Sturgill has not committed any violent offense, so the court erred in focusing on his criminal history. But whether the district court placed too much weight on any one of the factors doesn't turn on whether the offenses are violent. In any event, the government correctly responds that Sturgill has three convictions for assault. So, Sturgill's argument is unpersuasive.