NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0191n.06

Case No. 24-5566

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 09, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DAMEUS PARKS, JR., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: THAPAR, BUSH, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Dameus Parks pled guilty to being a felon in possession of a firearm and conspiring to distribute marijuana. While serving his prison sentence, he brought a compassionate release motion, which the district court denied. But the district court did reduce Parks' sentence by twelve months based on an amendment to the Sentencing Guidelines. He now appeals both the denial of his motion and the extent of the reduction. We affirm.

I.

In the summer of 2019, Dameus Parks' drug deal went awry. Parks had planned to deliver a pound of marijuana at a prearranged location. But when he arrived at the meeting spot, Parks found that the other party was armed and became concerned that he was being robbed. Parks fired a series of rounds from his gun in response.

A few days later, police pulled Parks over for speeding. They smelled marijuana, so they searched the car and found a loaded pistol under the front passenger seat. Parks carried the gun regularly. The gun also matched cartridge casings recovered from the site of a recent shooting—where several rounds struck and entered a home with sleeping residents. Parks had a prior felony conviction for trafficking marijuana, so it was a crime for him to have a gun. *See* 18 U.S.C. § 922(g)(1).

At first, the government only charged Parks with being a felon in possession ("count one"). Several months later, the government added two counts: discharge of a firearm during and in relation to a drug trafficking offense ("count two") and conspiracy to distribute a controlled substance ("count three"). The discharge offense carried a ten-year mandatory minimum sentence, which runs consecutively to the other counts. 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(D)(ii).

Parks and the government struck a deal. The government agreed to dismiss count two if Parks pled guilty to counts one and three. *See* Fed. R. Crim. P. 11(c)(1)(A). And Parks agreed that an above-Guidelines sentence of 108 months was appropriate, especially since the discharge offense was dismissed. *See* Fed. R. Crim. P. 11(c)(1)(C). The district court accepted Parks' plea and thus sentenced Parks in line with the agreement.

Forty-nine months into his prison time, Parks moved for compassionate release, which requires a showing of "extraordinary and compelling reasons" that warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). In support, Parks pointed to his rehabilitation efforts, potential as a musician, employment prospects, community service, and support from his community, family, and friends. The district court found that Parks hadn't met the requirements for compassionate release and denied his motion.

But the court determined that Parks was eligible for a sentence reduction because the Sentencing Commission had amended the Guidelines in a way that lowered Parks' Guidelines range. So, the court reduced Parks' sentence from 108 months to 96 months.

Here, Parks appeals the denial of his motion for compassionate release and argues that the court should have given him a larger reduction.

I.

First, Parks argues that the district court erred in denying his compassionate release motion. We review denials of compassionate release motions for abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). The district court has "substantial discretion" in deciding these motions. *Id.*

A.

Compassionate release is an exception to the general rule that courts can't modify prison sentences after they're imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

A court must do three things before granting compassionate release. First, the court must determine that "extraordinary and compelling reasons warrant . . . a reduction." *Id.* § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(ii). Third, the court must "consider[]" the applicable "factors set forth in section 3553(a)" before granting relief. *Id.* § 3582(c)(1)(A). If any one of these "prerequisites . . . is lacking," the district court "do[es] not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

What are "extraordinary and compelling reasons" that justify a sentence reduction? Things like a defendant's medical conditions, age, family circumstances, experience of abuse in prison, and any other circumstances that are "similar in gravity." U.S.S.G. § 1B1.13(b)(1)–(5). But

Congress made clear that rehabilitation alone does not qualify. 28 U.S.C. § 994(t). The Commission followed Congress's lead (as it must), but did note that rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d).

B.

On appeal, Parks argues that his rehabilitation combined with other factors justifies release. It is true that in jail, Parks has done many admirable things: he's tutored other inmates, received positive work performance ratings, secured a job offer, and completed his GED, a drug abuse education course, and a pre-release prep course.

He argues that this rehabilitation combined with "other factors" like his "personal growth," "undiminished support" from his community, and his history of community service amount to extraordinary and compelling reasons. Appellant Br. at 15, 19. But there are several issues with Parks' argument. For one, personal growth is just another way of saying rehabilitation.

For another, Parks invokes his history of community service. But the district court considered this history at sentencing. This reason falls short since a defendant cannot repackage factors from his sentencing and call them extraordinary and compelling. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Instead, extraordinary and compelling reasons focus "on post-sentencing factual developments." *Id.*

Parks can't recycle this evidence of community service, throw in his rehabilitation efforts, and thereby create an extraordinary and compelling reason. A combination of "insufficient factual considerations does not entitle a defendant to a sentence reduction." *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021).

Section 1B1.13(e), which took effect in November 2023, doesn't change this conclusion. That Guidelines provision simply clarifies that an extraordinary and compelling reason "need not have been unforeseen at the time of sentencing." U.S.S.G. § 1B1.13(e). A fact that "reasonably could have been known or anticipated" isn't the same as a preexisting fact that the district court did know. *Id.* And finally, Parks' argument fails on the facts. When denying his compassionate release motion, the district court *did* "consider[] other circumstances in combination with Parks' rehabilitation; specifically, his young age, the length of his sentence, as well as the significant family and community support surrounding him." R. 77, Pg. ID 484.

Parks also objects to the weight the district court gave to the plea agreement when it denied his motion. But no rule prohibits district courts from considering plea agreements in the context of a compassionate release motion. *See United States v. Bond*, 56 F.4th 381, 384 (4th Cir. 2023). The district court didn't abuse its broad discretion by pointing out the upside of Parks' plea deal: dismissal of a count with a ten-year mandatory minimum.

II.

Next, Parks contends that the twelve-month sentence reduction he received was substantively unreasonable. The district court reduced Parks' sentence under another exception to the general rule of sentence finality: 18 U.S.C. § 3582(c)(2). This provision allows defendants to benefit from amended Guidelines ranges in certain circumstances. Here, that's Amendment 821.[1]

---

[1] The government gestures at, but does not invoke, 18 U.S.C. § 3742(a)(1), a mandatory claim-processing rule. Section 3742(a) strictly circumscribes our review of sentences modified under § 3582. *United States v. Marshall*, 954 F.3d 823, 829 (6th Cir. 2020). Under § 3742(a), a defendant can appeal from an otherwise final sentence only if the sentence was imposed (1) in violation of law; (2) as a result of an incorrect application of the Guidelines; (3) in excess of the sentence specified in the Guidelines range; or (4) for an offense with no Guideline and that is plainly unreasonable. 18 U.S.C. § 3742(a)(1)–(4). As we've explained, an allegation of substantive unreasonableness does *not* count under the "in violation of law" prong of § 3742(a). *United States v. Bowers*, 615 F.3d 715, 727 (6th Cir. 2010). But since the government waived its claim-processing rule arguments and proceeded to the merits of Parks' claim, "we assume" that we may address them. *United States v. Payne*, No. 24-5353, 2025 WL 475225, at *3 (6th Cir. Feb. 12, 2025).

A.

Amendment 821 eliminated some criminal history points, called "status points," given to offenders who were under criminal justice sentences at the time of their offense. U.S. Sentencing Comm'n, Amend. 821 (Nov. 2023); *see* U.S.S.G. § 4A1.1. That amendment applies retroactively. U.S.S.G. §§ 1B1.10(a), (d). As applied to Parks, this amendment lowered his Guidelines range from 46 to 57 months to 41 to 51 months. While Parks received an above-Guidelines sentence of 108 months, his sentence was still "based on" this Guidelines range. *Hughes v. United States*, 584 U.S. 675, 686 (2018) ("A sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence."). So, Parks was eligible for relief under section 3582(c)(2).

A court's decision to grant a reduction under section 3582(c)(2) proceeds in two steps. First, the court must determine a defendant's eligibility for a sentence reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Second, the district court must consider any applicable section 3553(a) factors and determine, "in its discretion," whether the defendant should receive a reduction. *Id.* The section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for sentences to reflect the offense's severity, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with needed training. 18 U.S.C. § 3553(a)(1)–(2). Section 3582 "does not create a *right* to a reduced sentence." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (emphasis in original). So, our review of a "step two" decision is for abuse of discretion. *Id.* at 327.

B.

The district court didn't abuse its discretion. After all, the court thoroughly analyzed the nature and circumstances of Parks' offenses, history, and characteristics. It then weighed these factors against the agreed-upon sentence in his plea deal, the need to promote respect for the law, provide just punishment, deter crimes, protect the public, and avoid unwarranted sentence disparities. And ultimately, the court proportionally reduced Parks' sentence to reflect the reduction in his Guidelines range.

But Parks argues that the court gave too much weight to his plea agreement and his statements at the compassionate release hearing. At the hearing, Parks alleged that drugs had been planted in his cell and that he had received abuse from "racist staff members." R. 82, Pg. ID 519. This led the court to express "some reservations regarding Parks' acceptance of responsibility" and to find his hearing statements "less compelling." R. 77, Pg. ID 487–88.

Parks' argument amounts to a claim that the district court improperly weighed the various § 3553(a) factors. But we don't reweigh the § 3553(a) factors on appeal. *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). That's "beyond the scope of proper appellate review for substantive unreasonableness." *Id.* We owe "highly deferential review" to the "weight a judge gives to any § 3553(a) factor." *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020) (per curiam) (citation omitted).

Finally, when deciding whether a sentence reduction was appropriate, the district court was free to "consider the benefits [Parks] gained" from pleading guilty. *See Hughes*, 584 U.S. at 689. Here, Parks' agreement to serve a 108-month sentence was an important reason why the government agreed to drop count two, which would have carried a ten-year mandatory minimum sentence. *See* 18 U.S.C. § 924(c)(1)(A)(iii).

\*     \*     \*

The district court didn't abuse its discretion, so we affirm.