NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0296n.06

Case No. 24-6001

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2">FILED<br>Jun 13, 2025<br>KELLY L. STEPHENS, Clerk</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td>v.</td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE WESTERN</td></tr>
<tr><td></td><td>)</td><td>DISTRICT OF KENTUCKY</td></tr>
<tr><td>ODELL P. SMITH, JR.</td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>O P I N I O N</td></tr>
</table>

Before: McKEAGUE, MURPHY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Odell Smith received a 180-month sentence after pleading guilty to conspiracy to possess with intent to distribute methamphetamine. A little over four years later, the district court reduced Smith's sentence by six months after the United States Sentencing Commission issued Amendment 821 to the Sentencing Guidelines. Smith argues that his new sentence of 174 months' imprisonment is substantively unreasonable and the district court abused its discretion in failing to grant a larger reduction. We AFFIRM.

## I. FACTUAL BACKGROUND

In 2017, law enforcement learned of and began investigating a drug trafficking organization operating in Louisville, Kentucky. The investigation revealed Smith to be one of several mid-level distributors of methamphetamine for the organization. For his part in the organization, Smith was charged with one count of conspiring with others to possess with the

intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Smith pleaded guilty to the charge and the Probation Department prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR's calculations placed Smith's total offense level at 31 and his criminal history category at V. The combination of these two metrics led to an advisory Guidelines range of 168 to 210 months' imprisonment. Smith and the government entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which they agreed to a sentence of 180 months. The district court accepted the parties' agreement and before imposing sentence, addressed the 18 U.S.C. § 3553(a) sentencing factors. The court then sentenced Smith to 180 months' imprisonment.

In November 2023, the Sentencing Commission's amendment to U.S.S.G. § 4A1.1 went into effect. *See* U.S.S.G. Amendment 821 (Nov. 1, 2023). Part A of Amendment 821 lowers the status points to be added to the criminal history points of defendants who committed their crime(s) while under a criminal justice sentence. For defendants with seven or more criminal history points, the Amendment reduced the status points from two points to one point. And effective February 1, 2024, Amendment 825 made this change retroactive. *See* U.S.S.G. § 1B1.10 cmt. n.7 (2023). As relevant to Smith, Amendment 821 reduced by one the criminal history points he originally received for committing his offense of conviction while on supervised release. This one-point reduction changed his criminal history category from V to IV and decreased his advisory sentencing range to 151 to 188 months.

The probation department's recalculation memorandum noted that Smith's original 180-month sentence was seven percent higher than the low end of his original Guidelines range and that a commensurate sentence using his post-amendment range would be 161 months. Smith asked

the district court to reduce his sentence to 161 months' imprisonment so that his new sentence likewise would be seven percent higher than the recalculated low end of the Guidelines range. But the government opposed any sentence reduction, noting that the district court had indicated at the original sentencing that it would have sentenced Smith to 180 months even if his criminal history category were one level lower. The government also pointed out that Smith had racked up an impressive number of prison infractions, including five violations for disruptive conduct, one violation for fighting a fellow inmate, and one violation for assaulting and biting a staff member. In addition to these post-sentencing infractions, Smith also had a previous misconduct violation for possessing marijuana during a prior period of incarceration in 2009. These incidents, argued the government, weighed against reducing Smith's sentence at all.

Ultimately, the district court granted Smith a "modest" sentence reduction of six months, for a new total of 174 months' imprisonment. (Order Reducing Sent., R. 659, PageID 3799–3800). The district court first recalculated Smith's Guidelines range, recognizing that Amendment 821 decreased Smith's criminal history category from category V to category IV. It then "considered the full sentencing record, including the factors and purposes under U.S.S.G. § 1B1.10, 18 U.S.C. § 3582(c)(2), and 18 U.S.C. § 3553." (*Id.* at PageID 3800). From there, the district court concluded that a sentence reduction was warranted but found troubling Smith's "persistent pattern of disciplinary infractions." (*Id.*). Therefore, it limited the reduction to six months. Smith's timely appeal followed.

## II.     ANALYSIS

Smith asserts that his sentence is substantively unreasonable because the district court gave too much weight to his prison disciplinary record.  In short, Smith argues that his sentence, even as reduced, is too long.  *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

### A.  Jurisdiction

Typically, we have jurisdiction to consider final judgments pursuant to 28 U.S.C. § 1291. *United States v. Obi*, 132 F.4th 388, 393 (6th Cir. 2025).  But our review of criminal sentences pursuant to that statute, alone, is limited.  *Id.* (citing *United States v. Richardson*, 960 F.3d 761, 764 (6th Cir. 2020) (per curiam)).  "In particular, § 1291 does not by itself authorize review for 'reasonableness.'"  *Id.* (quoting *Richardson*, 960 F.3d at 764).  "That method ultimately derives from 18 U.S.C. § 3742—which, among other things, simultaneously imposes conditions on an appellate court's 'review of an otherwise final sentence' and provides additional standards of review by which to evaluate such a sentence."  *Id.* (quoting § 3742(a), (e)).

Section 3742(a) bars reasonableness arguments in an appeal of a § 3582(c)(2) sentence reduction.  *United States v. Bowers*, 615 F.3d 715, 727 (6th Cir. 2010).  Our circuit and others have refused to review a modified sentence's reasonableness on the merits under § 3742(a).  *See Obi*, 132 F.4th at 394 (collecting cases).  But we have entertained such claims on the merits when the government has failed to invoke the statutory requirements of this claim processing rule.  *Id.* at 394–95.

Here, the government acknowledged our precedent discussing the statutory limitations on appellate review of § 3582(c)(2) resentencings.  But it declined to invoke those limits here, opting

instead to proceed on the merits of Smith's substantive reasonableness argument and effectively waive any § 3742 argument. We therefore turn to the merits. *See id.* at 395.

### B.  Substantive Reasonableness

Smith asserts that the district court gave too much weight to his prison disciplinary record. We usually review a decision related to a motion for a sentence reduction for abuse of discretion. *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020); *United States v. Reid*, 888 F.3d 256, 257 (6th Cir. 2018). But "to whatever extent we can consider the substance of a district court's § 3582(c)(2) ruling, our standard of review in doing so is even more relaxed than the already relaxed substantive reasonableness standard." *Obi*, 132 F.4th at 397. The standard is "highly deferential" and presumes a within-Guidelines sentence is reasonable. *Id.* (citing *Richardson*, 960 F.3d at 765 and *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc)).

Determining substantive reasonableness, at its core, turns on whether the district court imposed a sentence that was "greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (internal quotation marks omitted). We do not overturn simply because the defendant disagrees with the way the district court weighed certain factors so long as the sentence is reasonable. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2010); *Gall v. United States*, 552 U.S. 38, 40–41 (2007). And in the context of a resentencing, where the district court already weighed the § 3553(a) factors, it need only revisit the currently relevant factors. *Obi*, 132 F.4th at 395 (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Smith's sentence reduction to 174 months is within the revised 151 to 188 months Guidelines range. So, we presume the sentence is reasonable. *Vonner*, 516 F.3d at 389. Further, the district court provided well-supported reasoning for its decision. It explained the decision to

provide Smith "modest relief," after considering "the full sentencing record" as well as Smith's post-sentencing conduct, which included multiple prison disciplinary actions. (Order Reducing Sent., R. 659, PageID 3800). All told, Smith had been assessed seven infractions between 2020 and 2023; these included a physical altercation with another inmate, biting a prison staff member, and five instances of disruptive conduct. Moreover, one of the disruptive-conduct infractions involved allegations that Smith was found under the influence of an "unknown illicit substance."

Smith does not deny the conduct underlying any of these infractions. And the record shows that he admitted both of the violations involving physical altercations. Still, he argues that the district court weighed these instances too heavily considering that no one was injured during the biting incident, physical altercations between inmates are not uncommon, and the disruptive conduct infractions are largely undefined. (ECF 12, Appellant's Br., 6). These arguments merely reflect Smith's disagreement with the way the district court decided to weigh his disciplinary record while incarcerated. But the district court properly considered Smith's prison conduct at resentencing, as it was well within the court's purview to consider and it shed fresh light on his history and characteristics as well as his potential threat to public safety. And Smith's complaint that his 2009 infraction was relatively remote in time does nothing to undermine the reasonableness of the district court's rationale, given the recency and number of infractions accumulated and the seriousness of the two physical infractions. Resorting to biting a corrections officer in particular—regardless of the circumstances—raises serious safety concerns, which the district court rightly considered at resentencing.

In short, the district court's reasoning is sound, and Smith has failed to rebut the presumption of reasonableness we accord the district court's sentencing determination. Our job is

not to second-guess a district court's reasonable, within-Guidelines, sentence.  *Gall*, 552 U.S. at 40–41.  So Smith's challenge fails.

### III.    CONCLUSION

For the foregoing reasons, we **AFFIRM**.