NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0128n.06

Case No. 25-3753

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| WYDELL S. DIXON, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: MOORE, THAPAR, and MATHIS, Circuit Judges.

THAPAR, Circuit Judge. Wydell Dixon was convicted of possessing a firearm as a felon and sentenced to 100 months in prison. He later moved to reduce his sentence based on an amendment to the United States Sentencing Guidelines that retroactively applied to him. The district court determined that Dixon was eligible for a sentence reduction but concluded that the circumstances of his case still warranted a 100-month sentence. Because the district court didn't abuse its discretion, we affirm.

I.

In July 2020, the Cleveland Police Department received numerous complaints of drug activity and gun violence in a particular area of the city. So the Department sent its Gang Impact Unit to patrol the area. Late one evening, officers from that unit spotted a man who appeared to have a bag of marijuana in his hands. The man fled into a nearby house, and as officers were pursuing him, they saw Wydell Dixon standing in the driveway of that house. Two officers

observed Dixon throw an object behind him and raise his hands in the air. A second or two later, officers heard the "clanking" sound of metal hitting the concrete driveway. R. 77, Pg. ID 695.

Based on their experience, the officers recognized this sound as a gun falling onto concrete. So they detained Dixon, searched the area, and located a handgun with an extended magazine. That handgun was loaded with 34 rounds of live ammunition. Officers then advised Dixon of his constitutional rights and questioned him about the gun. When they asked Dixon if the firearm belonged to him, he nodded his head up and down. As a result, Dixon was charged with and convicted of being a felon in possession of a firearm.

At sentencing, the district court calculated Dixon's advisory Guidelines range. It determined the base offense level was 26. The district court then found that Dixon received five criminal-history points based on his previous convictions. It added two more criminal-history points under the Guidelines in effect at the time because Dixon had committed this crime while on supervision for a state conviction. That resulted in a criminal-history score of seven and a criminal-history category of IV. These calculations yielded a Guidelines range of 92 to 115 months' imprisonment. Ultimately, the district court sentenced Dixon to 100 months' imprisonment.

While Dixon was serving his sentence, the United States Sentencing Commission passed Amendment 821. As a result of that amendment, a defendant with fewer than seven criminal-history points no longer receives any additional criminal-history points for committing a federal offense while under a criminal-justice sentence. *United States v. Coleman*, 158 F.4th 687, 698–99 (6th Cir. 2025) (citing U.S.S.G. app. C supp., amend. 821 (Nov. 1, 2023)). Amendment 821 applies retroactively. *Id.* at 698.

Dixon moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). Because of Amendment 821, he would no longer receive the two additional criminal-history points for committing this offense while on state supervision. That would leave Dixon with a total of only five criminal-history points, resulting in a criminal-history category of III and an amended Guidelines range of 78 to 97 months' imprisonment. He therefore requested a new sentence within that amended Guidelines range.

The district court agreed that Dixon was eligible for a sentence reduction. But the district court concluded that the circumstances of his case didn't warrant a reduction. Instead, it found that "Dixon's criminal history and characteristics" and the need "to promote respect for the law, afford adequate deterrence, and protect the public from future crimes" continued to support a 100-month sentence. R. 87, Pg. ID 930. The district court therefore denied the motion, and Dixon timely appealed.

## II.

We review the denial of a defendant's motion to reduce his sentence under section 3582(c)(2) for abuse of discretion. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). A district court abuses its discretion when, for example, it applies the wrong legal standard, misapplies the right legal standard, or relies on clearly erroneous facts. *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005).

A district court considering a sentence-reduction motion must follow two steps. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, it must determine whether the defendant is eligible for a sentence reduction. *Id.* at 827. If the defendant is eligible, the district court must then decide whether a reduction is warranted based on the factors outlined in 18 U.S.C. § 3553(a). *Id.*

The parties agree that Dixon was eligible for a sentence reduction, so we focus on the second step of the analysis.

Dixon believes that when the district court considered the section 3553(a) factors, it relied on erroneous facts. The district court noted that Dixon "has spent the majority of his adult life in custody or otherwise involved in the criminal justice system." R. 87, Pg. ID 930. But according to Dixon, the district court "misconstrue[d] the real facts." Appellant's Br. at 13–14. Dixon emphasizes that he's "only been to prison once." *Id*. That's true, but as the district court noted, Dixon *has* been "otherwise involved" in the criminal-justice system for most of his adult life. R. 87, Pg. ID 930. At age 18, he was arrested for trafficking drugs near a school and was sentenced to 18 months' community control. Nine days later, Dixon was arrested for carrying a concealed weapon and was again sentenced to 18 months' community control. Nine months after that arrest, he unlawfully possessed a firearm, committed aggravated robbery, and assaulted an individual, who suffered serious physical harm. Dixon received a five-year prison sentence for that offense. When he was released, Dixon began a period of community supervision. And while on that community supervision, he committed the federal crime at issue here. So given Dixon's criminal history, which the district court catalogued in its written order, the district court didn't rely on clearly erroneous facts.

Dixon also contends that the district court didn't address the potential sentencing disparities resulting from his amended Guidelines range. But the district court stated that it had considered the relevant section 3553(a) factors, which include "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

Even though the district court didn't explicitly discuss sentencing disparities, "a sentence modification is not a plenary resentencing proceeding." *Chavez-Meza v. United States*, 585 U.S.

109, 119 (2018) (quotation omitted). As a result, a district court "need not provide a lengthy explanation if the context and the record make clear that the judge had a reasoned basis" for denying the motion. *Id.* at 117 (quotation omitted). Nor does a district court need to "engag[e] in a point-by-point rebuttal of every argument for every sentence-modification motion." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir.), *cert. denied*, 145 S. Ct. 2827 (2025) (mem.). In fact, we've previously upheld the denial of a sentence-reduction motion even when the district court issued a "form order," merely stating that it had considered the section 3553(a) factors. *Id.* at 834–35.

The district court here issued a five-page order analyzing the section 3553(a) factors, with an emphasis on Dixon's criminal history, which provided a "reasoned basis" for its decision. And that "reasoned basis" was all the court needed to deny Dixon's motion. *Chavez-Meza*, 585 U.S. at 117 (quotation omitted). Thus, the district court didn't abuse its discretion by failing to explicitly discuss sentencing disparities.

In addition, Dixon faults the district court because it didn't consider the average sentence for defendants with his amended Guidelines range, which was only 78 months. But a district court isn't required to consider national sentencing statistics, even when a sentence falls above the Guidelines range. *See United States v. Hymes*, 19 F.4th 928, 936 (6th Cir. 2021); *United States v. Axline*, 93 F.4th 1002, 1013 (6th Cir. 2024). That's because "calculating the proper Guidelines range necessarily means that the district court considered national sentencing disparities." *United States v. Erker*, 129 F.4th 966, 978 (6th Cir. 2025). So Dixon's argument fails.

Finally, Dixon contends that the district court didn't account for his post-sentencing rehabilitation. The record proves otherwise. The district court explicitly noted Dixon's "commitment to rehabilitation and the personal improvements he . . . made through education,

treatment, and good conduct while incarcerated." R. 87, Pg. ID 930. Nevertheless, the district court concluded that the facts of the case and the other section 3553(a) factors outweighed any post-sentencing rehabilitation.

Ultimately, Dixon disagrees with how the district court balanced the section 3553(a) factors. But our review of "how much weight a judge gives any [section] 3553(a) factor" is "highly deferential," particularly when it comes to the denial of a sentence-reduction motion. *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020) (per curiam); *see also United States v. Obi*, 132 F.4th 388, 397 (6th Cir. 2025). This remains true even though Dixon's sentence falls above the amended Guidelines range. After all, we don't presume that an above-Guidelines sentence is unreasonable. *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019). Rather, we simply "consider the extent of the deviation" while "giv[ing] due deference to the district court's decision that the [section] 3553(a) factors, on [the] whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We conclude that the district court didn't abuse its discretion by placing more weight on Dixon's extensive criminal history than his post-sentencing rehabilitation. The district court explained that Dixon's prior sentences hadn't deterred him from committing further crimes, particularly those involving firearms, so a 100-month sentence remained sufficient but not greater than necessary. That analysis accounted for multiple section 3553(a) factors, including the history of the defendant and the need to deter future criminal conduct and protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C). We need not reweigh those factors, especially considering that Dixon's sentence is only three months above the amended Guidelines range. *See Gall*, 552 U.S. at 51. Even if we would have concluded a lower sentence was appropriate, that's not enough to

justify reversing the district court.  *See id.*  In short, the district court didn't abuse its discretion by denying Dixon's sentence-reduction motion.

*    *    *

We affirm.